IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES STERLING OSTRANDER, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-804-O |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, James Sterling Ostrander, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I.  BACKGROUND

In 2009 in the 266th Judicial District Court of Erath County, Texas, Case No. CR13268, Petitioner was indicted for the offense of aggravated assault with a deadly weapon. Adm R., Clerk's R. 1, ECF No. 12-2. On September 14, 2010, a jury found Petitioner guilty of the offense and assessed his punishment at ten years' confinement. *Id.* at 81. Petitioner appealed his conviction, but the Eleventh District Court of Appeals of Texas affirmed the trial's court judgment, and, on March 27, 2013, the Texas Court of Criminal Appeals refused his petition for discretionary review. *Id.,* Mem. Op. & Docket Sheet, ECF Nos. 13-1 & 12-1, respectively. Petitioner did not seek writ of

---

[1]Effective May 4, 2016, Lorie Davis replaced Williams Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

certiorari. Pet. 3,[2] ECF No. 1. Petitioner also filed two relevant state-habeas applications. The first, filed on November 7, 2013, was dismissed on May 13, 2015, for noncompliance with the state's form requirements under rule 73.1 of the Texas Rules of Appellate Procedure.[3] Adm. R., Action Taken, ECF No. 13-7 & WR-83,200-01 at 14, ECF No. 13-8. The second, filed on July 2, 2015, was denied by the Texas Court of Criminal Appeals on September 16, 2015, without written order. *Id.*, Action Taken, ECF No. 13-11 & WR-83,200-03 at 23, ECF Nos. 13-11 & 13-12. This federal-habeas petition challenging his conviction on six grounds was filed on October 23, 2015.[4] Respondent contends the petition is untimely under the federal one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Resp't's Prel. Answer 5-15, ECF No. 15.

## II. LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-year statute of limitations for filing a petition for federal habeas corpus by a person in state custody. Section 2244(d) provides:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States

---

[2]The pagination in the ECF header is used.

[3]A habeas petitioner's state-habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). However, the applications do not state the date Petitioner placed the documents in the prison mailing system. Thus, Petitioner is not given the benefit of the prison mailbox rule.

[4]Likewise, a prisoner's pro se federal-habeas petition is deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

is removed, if the applicant was prevented from filing by such State action;

> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's grounds involve matters occurring before or during his jury trial and on direct appeal. Pet. 6-8, ECF No. 1. Under subsection (A), applicable to such claims, the limitations period began to run on the date on which the judgment of conviction became final by the conclusion of direct review or, as in this case, the expiration of the time for seeking further direct review. For purposes of this provision, the judgment became final upon expiration of the time that Petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on June 25, 2013, triggering the one-year limitations period, which expired one year later on June 25, 2014. *Id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 623 F.3d 222, 224 (5th Cir. 2010), *aff'd*, 132 S. Ct. 641 (2011); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); Sup. Ct. R. 13.1. Thus, Petitioner's federal petition was due on or before June 25, 2014, absent any tolling.

Petitioner's first state-habeas application was not "properly filed" and did not operate to toll the limitations period under § 2244(d)(2). *Artuz v. Bennett,* 531 U.S. 4, 8 (2000); *Wickware v. Thaler,* 404 Fed. Appx. 856, 2010 WL 5062314, at *2 (5th Cir. Dec. 13, 2010). Nor does Petitioner's

second state application filed on July 2, 2015, after the limitations period had already expired, operate to toll the limitations period for purposes of § 2244(d)(2). *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's federal-habeas petition filed on October 23, 2015, is untimely unless Petitioner is entitled to tolling as a matter of equity.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida,* 560 U.S. 631, 649 (2010). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000).

As noted, the federal limitations period here expired during the pendency of Petitioner's improperly-filed state application. Petitioner argues that he was "actively misled" by the trial court clerk's lengthy delay in filing the application in the Texas Court of Criminal Appeals. Pet'r's Reply 2-3, ECF No. 20. In support, he presents a copy of the January 6, 2014, trial court order recommending denial of the application and ordering the clerk to forward the record to the Texas Court of Criminal Appeals. *Id.*, Ex. 1. He also presents a copy of a purported letter to him from the trial court clerk providing: "The Writ was sent the end of January 2014, however, another copy was sent on April 22, 2015." *Id.*, Ex. 3. The Texas Court of Criminal Appeals's website reflects that it received the writ on April 24, 2015, which it dismissed on May 13, 2015, as noncompliant with rule

4

73.1.[5] TEXAS JUDICIAL BRANCH, Court of Criminal Appeals, http://www.txcourts.cca. Petitioner filed his second state application, which was denied on September 16, 2015, without written order. Petitioner filed this federal petition 37 days later on October 23, 2015.

Even assuming Petitioner was reasonably diligent in pursuing his rights, there was no extraordinary circumstance that stood in his way and prevented timely filing. In essence, Petitioner argues that the state courts' delay in processing his first state-habeas application misled him into missing his federal deadline for filing a federal habeas petition. This is not an extraordinary circumstance warranting equitable tolling. The claimed extraordinary circumstance arises from Petitioner's failure to comply with the state procedural rules; if Petitioner had followed the instructions on the state application and submitted a properly completed habeas application, then his AEDPA deadline would have been subject to statutory tolling. *See Jones v. Stephens,* 541 Fed. App'x 499, 504 (5th Cir. 2013), *cert. denied,* 134 S. Ct. 1493 (2014); *Larry v. Dretke,* 361 F.3d 890, 897 (5th Cir.), *cert. denied,* 543 U.S. 893 (2004). Moreover, there is no evidence that Petitioner could not have contacted the state courts earlier in order to learn the status of the state application.

Accordingly, Petitioner's federal petition was due on or before January 25, 2014. His petition filed on October 23, 2015, is therefore untimely.

## III.  CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred.  Further, for the reasons discussed herein, a certificate

---

[5]The notice provided by the Texas Court of Criminal Appeals states that Petitioner "improperly modified the prescribed form by raising multiple grounds on a single page."

of appealability is **DENIED**.

   **SO ORDERED** on this 17th day of August, 2016.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

6